UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY E. THOMPSON,<br> PLAINTIFF, | )<br>)<br>) |
| VS. | )   CIVIL ACTION NO.:<br>)   4:09-cv-1177<br>)<br>)   JURY TRIAL DEMANDED<br>) |
| CENTRAL CREDIT SERVICES, INC.<br> DEFENDANT. | )<br>)   UNLAWFUL DEBT COLLECTION<br>)   PRACTICES |

## COMPLAINT

### I.  INTRODUCTION

1. Plaintiff Tammy E. Thompson alleges that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337.  Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff is a natural person residing in the County of St. Louis, State of Missouri.

4. Defendant Central Credit Services, Inc. (hereinafter referred to as "CCS") is a corporation organized pursuant to the laws of the State of Florida and doing business in the State of Missouri.  CCS' Registered Agent is CSC Lawyers Incorporating Service, 221

1

Bolivar, Jefferson City, MO 65101.

5.     Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone.  Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority and employment with Defendant.

## IV. FACTUAL ALLEGATIONS

7.     The first contact Plaintiff had with the Defendant was through the mail on July 17, 2008 concerning a debt which Plaintiff allegedly owed to Arrow Financial Services, LLC which was originally allegedly owed to Wells Fargo Bank.

8.     Beginning on July 28, 2008, Defendant's employees began contacting Plaintiff at (636) 677-0643 which is her residential phone line in attempts to collect on the alleged debt.  During the period of time spanning from July 28, 2008 through August 15, 2008, Defendant's collectors spoke with Plaintiff on several occasions about the debt in question.

9.     During several of these conversations, Defendant's collectors advised Plaintiff that if she did not pay the debt, a lawsuit would be filed against her for the purpose of collecting the debt.  Some of the remarks included:

> a.     "Right now they are asking me to pull this out of our office and send it back to Arrow Financial, LLC so they can go ahead and draw up the paperwork to pursue this legally."

    b.    "I am speaking with you one last time to try and resolve this voluntarily. Do you intend to pay? Or should I sign off on this suit request? I'm going to be signing off on this.  You'll be dealing with the courts."

    c.    "I'm giving you one last chance to settle voluntarily.  If not, we going to conduct an asset investigation and move forward against you in the State of Missouri."

    d.    "I don't know if you have ever been sued by a creditor, but you have a lot to lose."

    e.    "Do you want a judgment hanging over you?"

    f.    "You won't have any chance for a compromise settlement when you are sitting in court."

    g.    "I'm going to go ahead and let the client know to move forward on this."

10.    No suit has been initiated against Plaintiff in the county wherein she resides by the close of business on July 24, 2009.

11.    During one of the conversations, Plaintiff spoke with a collector who made several abusive remarks.  These included:

    a.    "You filed bankruptcy already, Chapter7, so you can't wiggle out of this again."

    b.    "You have no morals or ethics when it comes to paying your bills."

    c.    "Do you want all of your creditors being notified that you had to be sued so they could get their money back?"

    d.    "How low do you want to be as far as creditwise in this country?"

 e. "You are not going to be able to get anything in the future."

 f. "Why do you want to just give up in life?"

 g. "You are a person that can't be trusted with money."

 h. "You are a complete debtor.  You're a debtor.  It's a shame you have to be labeled that way, but if you want to learn the hard way, so be it."

## CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA

12. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

13. Defendant's actions violated the FDCPA.  The violations include, but are not limited to, the following:

> (a) Defendant violated 15 U.S.C. § 1692e(10) when its employee made a false representation about the legal status of the debt when he suggested to Plaintiff that she was not eligible to file bankruptcy because of her prior bankruptcy;
>
> (b) Defendant violated 15 U.S.C. § 1692e(10) when its employees repeatedly suggested that Plaintiff would be sued for the balance due on the alleged debt if she did not make voluntary payment arrangements with Defendant;
>
> (c) Defendant violated 15 U.S.C. § 1692d(2) when its employee used abusive language and made disparaging remarks to Plaintiff in an attempt to collect a debt;
>
> (d) Defendant violated 15 U.S.C. § 1692e(5) when its employees made several threats to take legal action against Plaintiff when it had no intention of taking such action;
>
> (e) Defendant's actions violated 15 U.S.C. § 1692f as they were unfair and unconscionable means to collect the debt.

4

14. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Tammy E. Thompson
**Tammy E. Thompson**

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@swaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479